NOT DESIGNATED FOR PUBLICATION

No. 116,428

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WALTER C. GRADY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed April 21, 2017.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Walter C. Grady appeals the district court's decision denying his motion to correct illegal sentence. We granted Grady's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and agrees that summary disposition is appropriate.

On December 3, 2003, following a jury trial, Grady was convicted of one count of rape, two alternative counts of aggravated burglary, one count of attempted robbery, and one count of aggravated sexual battery. The presentence investigation (PSI) report indicated that Grady had a criminal history score of B based in part on two Kansas burglary convictions that were scored as person felonies and a 1992 conviction of battery

1

that was scored as a person misdemeanor. On January 16, 2004, the district court imposed a controlling sentence of 620 months' imprisonment.

On March 15, 2016, Grady filed a motion to correct illegal sentence asserting that the district court (1) erred in scoring his second burglary conviction as a person felony as there was no date of conviction listed on the PSI report, and (2) erred in scoring his 1992 battery conviction as a person misdemeanor. On June 1, 2016, the district court summarily denied Grady's motion finding that the second burglary conviction was under the same case number and same conviction date as the first burglary conviction on June 28, 1999, and that the 1992 misdemeanor battery conviction had no effect on Grady's criminal history score. Grady timely appealed.

On appeal, Grady argues that the district court erred in classifying his prior convictions. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Murdock*, 299 Kan. 312, 314, 323 P.3d 846 (2014), *overruled on other grounds by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

Grady reasserts the arguments he made in district court. First, Grady argues that the district court erred in classifying his pre-1993 battery conviction as a person misdemeanor based on the holding in *Murdock*, 299 Kan. 312. However, Grady acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. Moreover, the district court was correct in finding that even if Grady's 1992 battery conviction should have been scored as a nonperson misdemeanor, it would have had no effect on Grady's criminal history score of B and, thus, no effect on his sentence.

2

Second, Grady again argues that because there is no specific date listed for the second burglary conviction on the PSI report, the State failed to prove that it was committed after July 1, 1993, and thus, "should have been scored as a nonperson felony." Although Grady's motion for summary disposition cites no authority for this argument, we presume that he is relying on our Supreme Court's decision in *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 8, 350 P.3d 1054 (2015) (holding that pre-KSGA Kansas burglary convictions must be scored as nonperson felonies for criminal history purposes because statute at the time made no distinction between burglary of a dwelling or nondwelling). However, as Grady acknowledges, the PSI report lists the first burglary conviction as 98CR2522, and a conviction date of June 28, 1999, which is entry six on the PSI report, with quotation marks for the second burglary conviction, entry seven on the PSI report. Thus, the record clearly reflects that Grady's second burglary conviction occurred on June 28, 1999, and this conviction is not subject to the holding in *Dickey*.

Based on the motion, files, and records of the case, Grady is not entitled to any relief on his motion to correct illegal sentence. Thus, the district court did not err in summarily denying the motion.

Affirmed.